**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **OLGA ALCANTARA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-26-CV-00821-KC** |
| **DAVID TRUJILLO,** *in his individual* | § | |
| *capacity,* | § | |
| | § | |
| *Defendant.* | § | |

**ORDER AND REPORT AND RECOMMENDATION**

On this day, the Court considered Plaintiff Olga Alcantara's Motion to Proceed *in Forma Pauperis* [hereinafter "Motion"], ECF No. 5, together with her Complaint, ECF No. 1.  The case was assigned to United States District Judge Kathleen Cardone, who then referred the Motion to the undersigned magistrate.  After due consideration, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* and **RECOMMENDS** that the Complaint be **DISMISSED WITH LEAVE TO AMEND.**

**I.  DISCUSSION**

This case arises from an alleged violation of Plaintiff's Fifth Amendment rights by Defendant Trujillo, an Operations Clerk employed by the United States District Clerk's Office for the Western District of Texas.  Compl. 1.  Plaintiff claims Mr. Trujillo violated her "Fifth Amendment rights, including denial of due process and denial of meaningful access to the courts" when he advised her to report an issue she was having regarding improper service directly to the district court.  Compl. at 1–2.  Plaintiff asserts that upon receiving her letter, which she submitted

in reliance on Mr. Trujillo's guidance, the district court ruled Plaintiff engaged in improper *ex parte* communication and dismissed Plaintiff's case with prejudice on that basis. *Id.* at 3.

On March 23, 2026, Plaintiff filed this action *pro se*, seeking monetary damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Compl. After filing her Complaint, Plaintiff requested leave from the Court to pursue her claims *in forma pauperis*. Mot.

### A. Plaintiff's motion to proceed in forma pauperis is granted.

"The federal *in forma pauperis* statute, . . . codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts," by allowing them to commence legal actions in federal court even if they are unable to pay the costs associated with filing. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342–343 (1948). To be granted *in forma pauperis* status, applicants must show that they are "unable to pay such fees or give security therefor." § 1915(a)(1). After considering Plaintiff's income, assets, and financial circumstances, *see* Mot., the Court finds Plaintiff lacks sufficient resources to cover the costs of filing. Accordingly, Plaintiff's Motion to Proceed *in Forma Pauperis* is **GRANTED**.

### B. The Court recommends Plaintiff's claims be dismissed with leave to amend.

Recognizing that litigants proceeding *in forma pauperis* "lack[] economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," *Neitzke*, 490 U.S. at 324, Congress requires district courts to dismiss a claim brought *in forma pauperis* at any time if the court determines the claim is

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

§ 1915(e)(2)(B).

2

To determine whether dismissal for failure to state a claim is warranted, courts employ the standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Criminal Justice,* 430 F.3d 1208, 1209 (5th Cir. 2005)). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible where the facts alleged by plaintiff "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Determinations regarding plausibility are "context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

Here, even assuming a court clerk's provision of incorrect procedural guidance to a *pro se* litigant could give rise to a viable *Bivens* claim,[1] Plaintiff has not demonstrated that she was misadvised by Mr. Trujillo. While Plaintiff alleges Mr. Trujillo "instructed Plaintiff to . . . submit[] correspondence directly to the Court" and suggests that she then contacted the Court outside the presence or knowledge of opposing counsel, she does not allege Mr. Trujillo advised her to submit the letter *ex parte*. *See* Compl. 3. Absent such allegations, the Court does not find Plaintiff plausibly alleged Mr. Trujillo's actions were improper, let alone that they amounted to a violation

---

[1]     At this time, the Court declines to determine whether a right to relief can be implied under *Bivens* or whether the claims should otherwise be barred under immunity doctrine.

In *Williams v. Wood*, 612 F.2d 982, 984 (5th Cir. 1980) (per curiam), the Fifth Circuit recognized an implied right of action in the Fifth Amendment where a plaintiff was prevented from appealing a judgment after a federal deputy clerk failed to notify him of entry of final judgment. While this holding appears to suggest a right to relief may exist, the Fifth Circuit and Supreme Court have since "adopted a far more cautious course before finding implied causes of action" in new contexts. *Ziglar v. Abbasi*, 582 U.S. 120, 132 (2017) (citation omitted). Thus, rather than immediately determine whether it should "engage in the 'disfavored judicial activity' of recognizing a new *Bivens* action," the Court will defer consideration the issue until, at minimum, the allegations underlying the putative claim for relief are adequately plead. *Oliva v. Nivar*, 973 F.3d 438, 443 (5th Cir. 2020) (quoting *Abbasi*, 582 U.S. at 135).

Similarly, finding itself in need of further clarification of the facts before it can fully consider the issues presented, the Court defers determining the applicability of an immunity defense at this time. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

of her constitutional rights.

Further, in access-to-court cases, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Accordingly, a complaint must "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18. Without such a statement, Plaintiff's access-to-court claim fails.

Because Plaintiff failed to plausibly state a claim for relief, her claims are subject to dismissal under Section 1915(e)(2)(B)(ii). However, a *pro se* litigant generally "should be offered an opportunity to amend h[er] complaint before it is dismissed," *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998) (per curiam)). Accordingly, the Court **RECOMMENDS** Plaintiff's Complaint be **DISMISSED WITH LEAVE TO AMEND**.

## II. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*, ECF No. 5, is **GRANTED**.[2]

**IT IS FURTHER RECOMMENDED** that the district court **ORDER** Plaintiff's Complaint, ECF No. 1, be **DISMISSED**, and that, in any order adopting the preceding recommendation, the district court:

---

[2] Given that the Court finds dismissal of the Complaint is warranted, the Court finds it proper to defer service of process on Mr. Trujillo at this time.

1. **ORDER** Plaintiff be given **TWENTY-ONE (21) DAYS** from the entry of any order by the district court dismissing the Complaint **TO FILE AN AMENDED COMPLAINT** curing the deficiencies identified herein; and

2. **ADVISE** Plaintiff that failure to file an amended complaint curing the deficiencies may result in dismissal with prejudice under Section 1915(g).

**PLAINTIFF IS FURTHER ADVISED** that she must promptly notify the Court of any change of address by filing a written "Notice of Address Change" in this case. Failure to file such a notice may result in dismissal of this case under Fed. R. Civ. P. 41(b).

**SIGNED and ENTERED** this 16th day of April, 2026.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**