**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **OLGA ALCANTARA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-821-KC** |
| | § | |
| **DAVID TRUJILLO,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered the case.  On April 9, 2026, the Court referred Plaintiff's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 5, to United States Magistrate Judge Robert F. Castañeda.  Apr. 9, 2026, Text Order.  On April 16, 2026, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 7, granting the Motion and recommending that Plaintiff's Complaint be dismissed with leave to amend.

Parties have fourteen days from service of a Report and Recommendation of a United States Magistrate Judge to file written objections.  *See* 28 U.S.C. § 636(b)(1)(C).  On April 24, 2026, Plaintiff filed her objections to the R&R, arguing that her Complaint alleges improper conduct by Defendant and plausibly states a claim.  Objs. R&R 2–3, ECF No. 9.  She also "clarif[ies] key factual allegations" and notifies the Court of her intent to amend her Complaint. *Id.* at 1, 4.

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine

de novo any part of the magistrate judge's disposition that has been properly objected to.");

*Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

To the extent Plaintiff objects to the R&R on the basis that there are additional or clarified factual allegations that were not pled in the Complaint that state a claim, this is not a proper basis to object.  *See* Objs. R&R 2–4.  As for Plaintiff's objections based on the allegations pled in the Complaint, upon de novo review, the Court finds that the allegations in the Complaint failed to state a claim, essentially for the same reasons stated in the R&R.  The R&R correctly determined that Plaintiff's allegation that Defendant "instructed [her] to . . . submit[] correspondence directly to the Court," without allegations that Defendant advised her to submit that correspondence *ex parte*, failed to allege improper conduct, let alone conduct amounting to a violation of Plaintiff's constitutional rights.  *See* R&R 3.  In addition, the R&R properly found Plaintiff's allegations regarding the underlying claim, which was allegedly dismissed due to her *ex parte* communication, insufficient to state an access-to-court claim.  *See* R&R 4.  As an access-to-court claim requires a plaintiff to state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a).  *See id.*

Accordingly, the Court **ADOPTS** the R&R, ECF No. 7, in its entirety, and **ORDERS** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may **FILE** an amended complaint, and must do so **by no later than May 26, 2026**.

**Plaintiff is WARNED that failure to file an amended complaint curing the identified deficiencies may result in dismissal with prejudice under 28 U.S.C. § 1915(g)**.

**SO ORDERED.**

**SIGNED this 5th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE