IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OLGA ALCANTARA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | **EP-26-CV-00821-KC** |
| DAVID TRUJILLO, | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION

On this day, the Court considered Plaintiff Olga Alcantara's Amended Complaint, ECF No. 14. The case was assigned to United States District Judge Kathleen Cardone, who then referred the Amended Complaint to the undersigned magistrate for screening under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Order, ECF No. 18. After due consideration, the Court **RECOMMENDS** that the Amended Complaint be **DISMISSED WITH PREJUDICE.**

### I.  BACKGROUND

This case arises from an alleged violation of Plaintiff's Fifth Amendment rights, which Plaintiff alleges occurred during a conversation she had with Defendant Trujillo, an Operations Clerk employed by the United States District Clerk's Office for the Western District of Texas, regarding a separate case pending in the district court. Amend. Compl. 2, 5. In her initial Complaint, ECF No. 1, Plaintiff claimed Mr. Trujillo violated her "Fifth Amendment rights, including denial of due process and denial of meaningful access to the courts" when he advised her to report an issue she was having regarding improper service directly to the district court. *Id.* at 1–2. Plaintiff asserted that upon receiving her letter, which she submitted in reliance on Mr.

---

[1] District courts must dismiss a claim brought *in forma pauperis* at any time if the court determines the claim "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii).

Trujillo's guidance, the district court ruled Plaintiff engaged in improper *ex parte* communication and dismissed Plaintiff's case with prejudice on that basis. *Id.* at 3.

After granting Plaintiff *in forma pauperis* status, this Court conducted a screening under Section 1915(e)(2)(B)(ii). *See* Order & R. & R., ECF NO. 7. Based on that screening, the Court recommended Plaintiff's Complaint be dismissed for failure to state a plausible *Bivens* claim, as Plaintiff had not demonstrated Mr. Trujillo acted improperly. *See id.* at 3–4. Specifically, the Court determined Plaintiff had not plausibly alleged Mr. Trujillo misadvised her or that he "advised her to submit the letter *ex parte*." *See id.*[2]

On May 5, 2026, having reviewed this Court's report, District Judge Cardone agreed that Plaintiff "failed to allege improper conduct, let alone conduct amounting to a violation of Plaintiff's constitutional rights." Order Adopting R. & R. Mag. J. 2, ECF No. 11 [hereinafter "May 5 Order"]. Adopting this Court's recommendation in its entirety, District Judge Cardone dismissed Plaintiff's claims with leave to file an amended complaint and advised her that "that failure to file an amended complaint curing the identified deficiencies may result in dismissal with prejudice under 28 U.S.C. § 1915(g)." *Id.* Pursuant to the May 5th Order, Plaintiff filed the Amended Complaint on May 7, 2026.

## II. DISCUSSION

This Court now finds dismissal of the Amended Complaint is proper because the Amended Complaint fails to remedy the deficiencies identified in the May 5th Order. While Plaintiff alleges that Mr. Trujillo told her that she could directly contact the district court regarding her service issue, she once again does not allege he affirmatively counseled her to engage in *ex parte*

---

[2] This Court also determined, and the district court agreed, that the access-to-court claims were subject to dismissal because Plaintiff failed to "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), . . . as if it were being independently pursued." *See Order & R. & R.* at 4 (citing *Christopher v. Harbury*, 536 U.S. 403, 417–18 (2002)); May 5 Order 2.

communication.  Amend. Compl. 3–4.  Indeed, the Amended Complaint clarifies that she merely accuses him of "**not** advis[ing] Plaintiff to file a motion, serve opposing counsel, or comply with Federal Rule of Civil Procedure 5" and "**not** warn[ing] Plaintiff that sending a letter directly to the judge could constitute improper *ex parte* communication."  *Id.* at 3.  Operations clerks have no duty to instruct *pro se* litigants on procedural requirements, and do not act improperly by declining to do so.  Thus, the Amended Complaint should be dismissed under Section 1915(e)(2)(B)(ii), as Plaintiff has failed to allege Mr. Trujillo engaged in improper conduct, much less conduct amounting to a constitutional deprivation.[3]

### III.CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the district court **ORDER** Plaintiff's Amended Complaint, ECF No. 14, be **DISMISSED WITH PREJUDICE.**

**SIGNED and ENTERED** this 12th day of May, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[3]     Additionally, even if Plaintiff demonstrated improper conduct by Mr. Trujillo, the access-to-courts claims would nonetheless be subject to dismissal because Plaintiff neither stated the type of relief sought in the underlying claim, nor described the underlying action in a way that demonstrates entitlement to relief, as required by Rule 8(a). *See* May 5 Order 2.