**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **OLGA ALCANTARA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-821-KC** |
| | § | |
| **DAVID TRUJILLO,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>
## <u>OF THE MAGISTRATE JUDGE</u>

On this day, the Court considered the case.  On May 5, 2026, the Court adopted United States

Magistrate Judge Robert F. Castañeda's Report and Recommendation ("R&R"), ECF No. 7, in its

entirety and dismissed Plaintiff's original Complaint, ECF No. 1, without prejudice.  May 5, 2026,

Order, ECF No. 11.  Plaintiff was given until May 26 to file an amended complaint.  *Id.* at 2.  The

Court also warned Plaintiff that failure to file an amended complaint curing the identified

deficiencies could result in dismissal with prejudice under 28 U.S.C. § 1915(g).  *Id.*  On May 7,

Plaintiff filed an Amended Complaint, ECF No. 14.  On May 11, the Court referred the Amended

Complaint to Magistrate Judge Castañeda for screening under 28 U.S.C. § 1915(e)(2)(B)(ii).  On

May 12, the Magistrate Judge filed a Second Report and Recommendation ("Second R&R"), ECF

No. 20, recommending that Plaintiff's Amended Complaint be dismissed with prejudice.

Parties have fourteen days from service of a Report and Recommendation of a United States

Magistrate Judge to file written objections.  *See* 28 U.S.C. § 636(b)(1)(C).  On May 22, Plaintiff filed

her objections to the Second R&R, arguing that the Magistrate Judge (1) misstated the allegations

and ignored direct transcript quotations, (2) applied the wrong legal standard for "clerk liability," (3)

ignored precedent "recogniz[ing] that when a government actor undertakes to advise, due process

prohibits misleading guidance," (4) improperly resolved factual disputes against Plaintiff, (5)

misapplied *Christopher v. Harbury*, 536 U.S. 403 (2002), (6) failed to apply *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and (7) improperly recommended dismissal with prejudice without first conducting a futility analysis.  Objs. 2d R&R 2–6, ECF No. 25.

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Assuming without finding that Plaintiff is correct that the Amended Complaint sufficiently alleged that Defendant "affirmative[ly] misdirect[ed] her" and pled the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), *see* Objs. 2d R&R 2–6, Plaintiff does not have a cause of action under *Bivens*.  Thus, even if the R&R incorrectly determined that Plaintiff failed to state an access to court claim, dismissal with prejudice is warranted on independent grounds.

Congress has never passed a statute to provide people with a cause of action to sue federal officers for damages to redress violations of their constitutional rights.  *See Egbert v. Boule*, 596 U.S. 482, 490 (2022) (citations omitted).  "More than fifty years ago . . . . [t]he Supreme Court famously implied a cause of action" for a man named Webster Bivens, who had been handcuffed in front of his wife and children while federal narcotics officers searched his home without a warrant or probable cause.  *Villareal v. City of Laredo*, 134 F.4th 273, 281 (5th Cir. 2025) (Oldham, J., concurring) (citing *Bivens*, 403 U.S. at 389).  "Over the following decade, the Court twice again fashioned new causes of action under the Constitution—first, for a former congressional staffer's Fifth Amendment sex-discrimination claim; and second, for a federal prisoner's inadequate-care claim under the Eighth

Amendment." *Egbert*, 596 U.S. at 490–91 (cleaned up) (first citing *Davis v. Passman*, 442 U.S. 228 (1979); and then citing *Carlson v. Green*, 446 U.S. 14 (1980)).

"Since these cases, the Court has not implied additional causes of action under the Constitution." *Id.* at 491. Indeed, it has repeatedly declined to do so, with language that makes it increasingly plain that there are virtually no circumstances under which a private right of action exists to pursue a constitutional claim for damages. *See id.* at 486 (collecting cases). The Supreme Court has gone so far as to say that it would likely reconsider and overturn *Bivens* entirely, if it were necessary to the outcome of a case before it. *Id.* at 502. In other words, "it has become increasingly unclear whether . . . anyone not named Webster Bivens" can pursue a *Bivens* claim. *Villareal*, 134 F.4th at 281 (Oldham, J., concurring).

 In theory, it remains possible. To assess a *Bivens* claim, the Court must ask "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492. "'[E]ven a single sound reason to defer to Congress' is enough to require a court to refrain from creating such a remedy." *Id.* at 491 (quoting *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 635 (2021)). Such reasons include the fact that claims are being brought against a new category of defendants and the existence of an alternative remedial structure. *Id.* at 492–93 (citations omitted).

Here, Plaintiff brings an access to court claim under the Fifth Amendment seeking monetary damages of $2,000,000. *See* Am. Compl. However, "[t]he relief available under *Bivens* has not been extended to a claim of being denied access to courts." *Schaefer v. Dir. of Fed. Bureau of Prisons*, No. 22-cv-436, 2025 WL 3903961, at *4 (E.D. Tex. Dec. 8, 2025) (first citing *Garces v. Biery*, No. 25-3034705, 2025 WL 3034705, at *2 (5th Cir. Oct. 30, 2025); and then citing *Dowell v. Kobayashi*, No. 22-cv-4886, 2023 WL 2227712, at *3 (S.D. Tex. Feb. 24, 2023)), report and recommendation adopted, 2026 WL 59329 (Jan. 6, 2026). In *Garces* the Fifth Circuit found that the three limited fact patterns to which *Bivens* applies did not apply to an access to court claim and

"decline[d] [appellant's] request to engage in the 'disfavored judicial activity' of extending *Bivens* to a new context." 2025 WL 3034705, at *2. Accordingly, even if Plaintiff's Amended Complaint sufficiently alleges an access to court claim, it fails to state a claim upon which relief can be granted under *Bivens*. Thus, dismissal with prejudice is required. *See Canada v. United States*, 950 F.3d 299, 303, 312 (5th Cir. 2020) (affirming a dismissal with prejudice where there was no cause of action under *Bivens*).

The Court thus finds that, even if it were to sustain Plaintiff's Objections to the Second R&R, the ultimate conclusion—that dismissal with prejudice is warranted—is correct.

Accordingly, the Court **ADOPTS in part** and **MODIFIES in part** the Second R&R, ECF No. 20, and **ORDERS** that Plaintiff's Amended Complaint, ECF No. 14, is **DISMISSED with prejudice**.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED this 27th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE